IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE WILLIAM AND SHELIA LISHMAN,

        Bankruptcy Case Number
        19-80145-CRJ-13

    Debtors,

WILLIAM AND SHELIA LISHMAN,

    Plaintiffs,

        Adversary Proceeding No.

v.

REGIONS BANK

    Defendant.

## COMPLAINT

The debtors in this bankruptcy case and plaintiffs in this adversary proceeding, William and Shelia Lishman (the "Lishmans"), make the following allegations in their complaint against the defendant, Regions Bank ("Regions").

**Parties, Jurisdiction, and Nature of Action**

1. The Lishmans are the debtors in the above-referenced Chapter 13 bankruptcy case which was commenced on January 16, 2019. Regions is a corporation organized and existing under the laws of the State of Alabama. At all times material to this complaint, Regions regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. The Lishmans did business with the defendant within this district and division, and it is these business transactions that give rise to this litigation.

2. Regions is listed as a creditor in the schedules filed by the Lishmans.

3. Despite having both notice and actual knowledge of the commencement of the Lishmans' case, Regions sent, or caused to be sent, two letters attempting to collect a pre-petition debt and/or foreclose on their property at 9626 Dortmund Dr. SE, Huntsville, AL 35803 to the Lishmans. The Debtors argue that this is violative of 11 U.S.C § 362, in that the letters were, pursuant to the plain language in the letters, an attempt to collect a pre-petition debt. The

correspondence sent by Regions on May 1, 2019 demands immediate payment of $104,769.03 and states that the loan has been referred to Jauregui and Lindsey, LLC to commence foreclosure action. (See Exhibit 1). The letter from Jauregui Lindsey Longshore Tingle on behalf of Regions also sent May 1, 2019 demands the full payment $104,756.52 plus accrued interest and the firm's fees and expenses. The letter states: "Regions Bank has elected to, and does hereby, declare the entire indebtedness secured by your mortgage to be immediately due and payable and has instructed us to begin foreclosure proceedings on the above-referenced property." (See Exhibit 2). The letter caused further concern to the debtors by stating: "If you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because Regions Bank has not been notified of your bankruptcy case." This is statement is false since the property was listed in the schedules with the correct address for Regions at the time of filing the debtors' case on January 16, 2019.

4. The Lishmans bring this action to recover actual damages sustained as a result of Regions's willful violation of the automatic stay in this case and to recover punitive damages from Regions for their violation of the stay. No Motion for Relief was filed by the named defendant prior to their sending the referenced correspondence.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of the Lishmans' estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between the Lishmans and Regions. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

### Claim – Violation of the Automatic Stay

6. The Lishmans incorporate by reference the allegations in paragraphs one through three of this complaint.

7. The Lishmans specifically allege an agency relationship exists between Regions and the law firm of Jaruegui, Lindsey, Longshore, and Tingle.

8. The schedules filed by the Lishmans upon the commencement of this bankruptcy case listed Regions as a creditor. **The address to which notice was sent is the same address listed on their collection letter to the debtors attached as Exhibit 1.**

9. Estate of Jewell Lishman was listed in the section for other information relating to the property in the Chapter 13 Plan. (See Exhibit 3). William Lishman properly inherited the subject property from Jewell Lishman according to her will. (See Exhibit 4).

10. The Lishmans inherited the property after the passing of William's mother, Jewell Louise Lishman, in August of 2013. (See Exhibit 5). The Lishmans went to the Regions Bank office located at 10015 South Memorial Parkway, Huntsville, AL 35803 about a month after inheriting the property. They sat down with a representative from the mortgage department and showed them Jewell Lishman's Last Will and Testament and a document entitled Decree Admitting Will To Probate And Granting Letters Testamentary and requested their names be added to the mortgage. The Lishmans **paid** for the mortgage held by Regions on the subject property since their time of inheritance until shortly before filing for bankruptcy in 2019. They paid by check signed by one of the Lishmans each month. Regions **accepted** these payments without qualm.

11. After receiving letters from Regions and the law firm of Jauregui, Lindsey, Longshore, and Tingle, the Lishmans called the law firm. They informed them that they had inherited the property from Jewell Lishman in 2013 and paid for the mortgage until filing for bankruptcy in January of 2019. The law firm told the Lishmans that the paperwork they had received from Regions did not include a Stay to stop the foreclosure, so they would continue with the proceeding.

12. As a result of Regions being listed as a creditor in the Lishmans' schedules, Regions had both notice and actual knowledge of both the commencement of and all the proceedings in the Lishmans' bankruptcy case.

13. Pursuant to 11 U.S.C. §362 of the Bankruptcy Code, the commencement of the Lishmans' bankruptcy case gave rise to the automatic stay which, among other things, prohibited the named defendant from attempting to collect a debt from the Lishmans.

14. Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, Regions sent the Lishmans multiple letters attempting to collect and/or foreclose on their property. The letter directs the debtors to contact Regions with any questions concerning this notice. The Defendants carelessly contacted the debtors without having sought stay relief from this court. Continuing, Regions next informs the already grieving and struggling debtors that

"Regions Bank has elected to, and does hereby, declare the entire indebtedness secured by your mortgage to be immediately due and payable and has instructed us to begin foreclosure proceedings on the above-referenced property." Regions is sending this **directly** to the debtors with no regard for the automatic stay or the debtors' difficult circumstances. It is a coercive, direct, callous, and blatant violation of 11 U.S.C. §362. The Defendant made a "business decision" that it was more profitable to violate the Stay than to adhere to it. This communication is not informational only. Quite to the contrary, it overtly demands payment and has the effect of coercing payment by indicating foreclosure and transfer of the property. The Defendant made no effort to comply with the law before sending this regrettable correspondence to the Lishmans, hardworking and honest debtors struggling to make ends meet. This creditor's behavior has caused extreme emotional turmoil and distress. It was a targeted and intentional effort to inflict maximal pain on struggling debtors.

15. Despite the imposition of the Automatic Stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, the named defendant sent, or caused to be sent, to the Lishmans correspondence regarding the foreclosure of their home. Debtors' counsel argues this is a serious departure from the automatic stay and that this honorable court should consider the imposition of punitive sanctions to dissuade this defendant from engaging in such conduct in the future. Clearly no effective systems and procedures are in place to prevent such mistakes from occurring.

16. The Lishmans was so shocked and upset over this "overt" attempt to collect a debt that they immediately telephoned their counsel and brought the offending correspondence to his attention. They were indeed distraught over the prospect of losing their home.

17. Mr. Lishman is listed as the beneficiary in the will of his deceased mother for the property located at 9626 Dortmund Dr. SE, Huntsville, AL 35803.

18. The actions of Regions and the law firm of Jaruegui, Lindsey, Longshore, and Tingle violate 11 U.S.C § 362 as set forth in this complaint.

19. The Lishmans **have sustained**, and continue to sustain, injury and damage as a result of Regions's **willful violation** of the automatic stay.

20. Regions's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

21. Under 11 U.S.C. §362(k)(1), the Lishmans are entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the Defendant for their willful, uncaring, and intentional violation of the automatic stay.

**WHEREFORE**, The Lishmans ask this court to enter an order:

(A) Awarding the Lishmans compensatory damages against Regions, including the reasonable attorney's fees and costs incurred by the Lishmans in the preparation and prosecution of this adversary proceeding;

(B) Awarding the Lishmans damages, including damages for emotional distress against Regions. This award should also include reasonable attorney's fees and costs;

(C) Awarding the Lishmans punitive damages against Regions for their willful violation of the automatic stay, such damages being intended to instill in Regions and other creditors due respect for this court and its orders and to deter them from taking similar action against the Lishmans and similarly situated debtors in the future;

(D) Enjoining, pursuant to Fed. R. Civ. P. 65 and 11 U.S.C. § 105 (A), the Defendant from foreclosing on the debtors' property until after the conclusion of the instant adversary proceeding;

(E) Voiding the mortgage debt owed by the Lishmans to Regions in its entirety; and

(F) Granting the Lishmans any additional or different relief this court deems appropriate.

Dated: 05/15/2019

Respectfully submitted

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtors/plaintiffs,

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com